IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

SHARON DARLENE REDUS        )
                            )
    v.                      )   Case No. 3:22-cv-01029
                            )
REVENUE CYCLE SERVICE       )
CENTER, LLC                 )

TO:   Honorable Waverly D. Crenshaw, Jr., Chief United States District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 3, 2023 (Docket Entry No. 7), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings. Pending before the Court is the motion to dismiss (Docket Entry No. 15) filed by Revenue Cycle Service Center, LLC. The motion is opposed by Plaintiff. *See* Docket Entry No. 19. For the reasons set out below, the undersigned respectfully recommends that the motion be granted in part and denied in part.

### I.   BACKGROUND

In November 2022, Sharon Darlene Redus ("Plaintiff") filed this civil action in the Davidson County Circuit Court against her former employer, Revenue Cycle Service Center, LLC ("RCSC" or the "Defendant"), based upon allegations of racial discrimination and wrongdoing in the workplace. Defendant timely removed the case to this Court. *See* Notice of Removal (Docket Entry No. 1).

Defendant thereafter filed a motion to dismiss. *See* Docket Entry No. 4. Plaintiff's two responses to the motion did not address the arguments for dismissal but focused on the merits of her allegations, raised new causes of action for breach of contract and breach of the implied

covenant of good faith and fair dealing, and appeared to amend her complaint. *See* Docket Entry Nos. 8 and 11. The second response essentially mirrored the first response and included 50 exhibits that totaled over 500 pages. *See* Docket Entry No. 11-1 through 11-50. Because of the uncertainty over what filing constituted Plaintiff's actual pleading, the Court directed her to file a new, amended complaint that clarified both her allegations and her specific legal claims. *See* Order entered February 1, 2023 (Docket Entry No 13). The Court denied Defendant's first motion to dismiss without prejudice to refiling. *Id*.

Plaintiff then filed a 40-page amended complaint and over 400 pages of documents. *See* Amended Complaint (Docket Entry No. 14). The amended complaint contains numerous factual allegations that are not set out in an easily followed and chronological narrative. Plaintiff summarizes the basis for her claims as:

> racial discrimination, retaliation, falsifying legal documents, trickery, constant harassment, bullying, manipulation of screenshots, tampering with production numbers, submitting false reports to Human Resources on numerous occasions, altering Production Numbers by decreasing monthly count, sabotaging audits, prevents overtime based on false reports, restricting bonuses, deliberately depriving me of work from home, deceiving an EEOC State Government Investigator (Karen Broadway) during a State Investigation, by [Baumann] of [RCSC]. The work environment was constantly (Hostile), deliberate and torturous; that I fell sick with Stress Induced Belly's Palsy (Paralysis on the left side of ace and neck).

*Id*. at 3. Plaintiff's administrative charge of discrimination sheds some light into the factual background of the lawsuit. Plaintiff asserts in her charge of discrimination that she worked as a Denial Appeals Coordinator from January 2019 until being terminated from employment on November 5, 2021, and that she suffered discrimination based on race and retaliation, including differing term and conditions of employment, different standards, discipline, and termination. *See* Docket Entry No. 14-2 at 5.

The amended complaint lists seven current or former RCSC employees who interacted with Plaintiff, including her direct supervisor, Pamela Rebeca "Becky" Baumann ("Baumann"), as defendants. *See* Amended Complaint at 1-2. At other points in the amended complaint, Plaintiff indicates that RCSC is a defendant. *Id*. at 31-32. As the legal basis for her lawsuit, Plaintiff relies upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. " 2000e-5 *et seq*. (ATitle VII@), 42 U.S.C. § 12203 of the Americans with Disabilities Act, 42 U.S.C. " 12102, *et seq*. (AADA@), and Tenn. Code. Ann. §§ 39-16-510 and 66-28-514. *Id*. at 3. Plaintiff also seeks damages for intentional infliction of emotional distress. *Id*. at 31 and 40.

## II. MOTION TO DISMISS AND RESPONSE

In lieu of filing an answer, RCSC moved to dismiss the amended complaint for several reasons. First, RCSC argues that the amended complaint (1) does not comply with the Court's directive to clearly set out Plaintiff's specific legal claims and (2) does not list RCSC as a defendant. *See* Defendant's Memorandum in Support (Docket Entry No. 16) at 5-6. RCSC next argues that any claims brought under Title VII or the ADA are time-barred because Plaintiff failed to file her lawsuit within 90 days of receiving her Determination and Notice of Rights ("right-to-sue letter") from the EEOC on August 8, 2022, and that any state law claims are likewise time barred because they were not filed within one year of the termination of her employment. *Id*. at 6-8. RCSC further contends that a hostile workplace claim under Title VII and any claims under the ADA cannot be heard because they were not raised and exhausted in the administrative proceedings before the EEOC. *Id*. at 8-11. Finally, RCSC argues that Plaintiff's allegations are so unclear, vague, and out-of-context that the amended complaint does not satisfy pleading standards and fails to state claims for relief. *Id*. at 11-15. In this respect,

3

RCSC argues that "Plaintiff pleads no facts to make it facially plausible that she was discriminated against because of her race or any other protected characteristic, experienced IIED, or suffered any other legal wrong. At best, Redus claims the performance critiques that preceded her termination were false, which she relates in no way to any protected characteristic." *Id*. at 12.

Plaintiff's response to the motion to dismiss is two-fold. First, she has filed a second amended complaint (Docket Entry No. 18), which is essentially a carbon copy of the first amended complaint except for: (1) changing the defendants who are sued; (2) including the names of more individuals who Plaintiff contends were involved in the alleged wrongdoing; and, (3) including a new assertion of wrongdoing on one page. *Id*. at 1-3 and 18. Second, she has filed a motion that encompasses both a request for a trial date[1] and a response in opposition to the motion to dismiss. *See* Motion/Response (Docket Entry No. 19). In her response in opposition, Plaintiff primarily argues the merits of her claims and incorporates into her response several pages that are copied verbatim from her pleading. *Id.* at 2-20. Plaintiff only directly address one of RCSC's arguments for dismissal, asserting that she filed her lawsuit on Monday, November 7, 2022, and the lawsuit is therefore timely because the time period to file ended on the preceding weekend. *Id*. at 7-8.

RCSC replies by arguing that (1) Plaintiff's second amended complaint is not properly before the Court and should not be considered and (2) nothing in Plaintiff's response is sufficient to defeat the motion to dismiss. *See* Replies (Docket Entry Nos. 20 and 21).

---

[1] The Court has denied Plaintiff's request for a trial date. *See* Docket Entry No. 22.

## III. STANDARD OF REVIEW

In reviewing a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the well-pleaded material allegations of the pleadings as true. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). However, the pleadings must provide the grounds for Plaintiff=s entitlement to relief and consist of more than Alabels and conclusions.@ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The well pleaded factual allegations must show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. To state a plausible claim for relief, the alleged facts must provide Amore than a sheer possibility that a defendant has acted unlawfully.@ *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

Although the Court is required to give the pleadings of *pro se* litigants a liberal construction, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court cannot supply or assume facts that are not pled or create claims for a party that are not pled. *See Bell v. Tennessee*, 2012 WL 996560 at *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000).

## IV. ANALYSIS

After review of the parties' filings, the Court finds that only some of RCSC's arguments for dismissal have merit. Although Plaintiff's Title VII hostile workplace claim and state law claim for intentional infliction of emotional distress warrant dismissal, RCSC's arguments for dismissal of the entire lawsuit are unpersuasive.

### A. Plaintiff's Second Amended Complaint

The Court sympathizes with RCSC's frustration on the issue of Plaintiff's repeated amendments of her complaint. Nevertheless, given Plaintiff's *pro se* status, the Court views any missteps by Plaintiff regarding her pleadings as correctable errors more attributable to her status as a layperson than to a substantive defect that cannot be remedied. Her second amended complaint is essentially the same as her prior pleading with the only significant change being that she clarifies that she is suing only RCSC in this lawsuit.[2]

In the interests of justice, the Court will accept Plaintiff's second amended complaint (Docket Entry No. 18) as the operative complaint in this case even though it was not accompanied by a motion to amend and even though it is not particularly clear and easily followed. Even though the filing of an amended complaint typically moots a motion to dismiss the prior complaint, "if some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Hamer v. Griffs*, 2023 WL 3589774, at *, n.6 (E.D. Mich. Apr. 28, 2023) (quoting *Yates v. Applied Performance Techs.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). Because there are

---

[2] Perhaps, in response to RCSC's legally sound argument that individuals can rarely be sued under Title VII, Plaintiff's second amended complaint clarifies that the several individuals

no substantive changes in the factual allegations contained in both pleadings and because RSCS's arguments for dismissal apply as equally to the second amended complaint as they do to the first amendment complaint, the Court sees no utility or efficiency under these specific circumstances in dismissing without prejudice the current motion to dismiss and requiring RSCS to file a new motion to dismiss in response to the second amended complaint, a new motion to dismiss that would raise essentially the same arguments that are raised in the currently pending motion to dismiss. Under these circumstances, "[t]here is no reason to exalt form over substance and force [RSCS] to file a new motion to dismiss." *Klein by Klein v. Caterpillar Inc.*, 581 F.Supp.3d 912 (E.D. Mich. 2022). Because the second amended complaint makes clear that RCSC is named as the sole defendant in this case, RCSC's argument that it should be dismissed because it has not been specifically named as a defendant is rendered moot.[3]

### B. The Nature of Plaintiff's Claims

Before proceeding further, it is helpful to clarify the claims at issue in this case. Plaintiff's lawsuit is brought pursuant to Title VII based on allegations of racial and color discrimination. *See* Second Amended Complaint at 3. Because Plaintiff's EEOC charge of discrimination also alleges that she suffered retaliation, *see* Docket Entry No. 1-2 at 3, and she pleads retaliation, *see* Second Amended Complaint at 4, the Court construes her general reliance on Title VII as the basis for her lawsuit to also incorporate reliance on the anti-retaliation

---
listed as defendants have been removed from the category or defendants and are listed in the pleading solely to identify them as individuals who participated in the alleged wrongdoing.

[3] The Court further notes that this argument is unpersuasive because the first amended complaint itself indicates that RCSC is intended to be a defendant. *See* Amended Complaint at 31-32.

provision of Title VII that is set out in 42 U.S.C. § 2000e-3. Plaintiff also specifically alleges a claim for intentional infliction of emotional distress. *See* Second Amended Complaint at 31.

None of the other three statutory provisions specifically set out in Plaintiff's pleading provide a viable claim. Although she lists the anti-retaliation provision of the ADA, 42 U.S.C. § 12203, as a basis for her lawsuit, she does not make any actual allegations of retaliation based upon her assertion of rights under the ADA, nor does she make allegations of any underlying disability discrimination. Accordingly, the Court does not view the Second Amended Complaint as stating a claim for relief under the ADA.

Plaintiff also lists Tenn. Code Ann. § 39-16-510 and Tenn. Code Ann. § 66-28-514 as basis for her lawsuit. However, neither of these state laws provide her with a viable claim in this case. The first reference is a criminal statute that does not provide for a private cause of action. The second statute pertains to landlord/tenant interactions and is not relevant to the facts of this case.

To the extent that RCSC argues against potential claims under the Tennessee Human Rights Act, Tenn. Code. Ann. § 4-21-101 *et seq*. ("THRA"), claims under the THRA have not been asserted in this case, and the Court will not construct claims for Plaintiff that are not asserted. *Bell*, *supra*. Accordingly, the Court will not address any arguments for dismissal of claims brought under the ADA, the THRA, or the two state statutory provisions because these claims are either not viable, not relevant, or have not been actually pled by Plaintiff.

## C. Timeliness of Plaintiff's Lawsuit

RCSC raises two defenses based upon its contention that Plaintiff failed to timely pursue the claims that she brings in this case. Neither defense has merit.

The first timeliness defense is that Plaintiff failed to file her lawsuit within 90 days of her receipt of the right-to-sue letter and that any claims brought under Title VII are therefore time-barred. A lawsuit brought under Title VII must be filed within 90 days of the plaintiff's receipt of a notice of rights letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Strouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001); *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998). In the instant case, Plaintiff received her right-to-sue letter on August 8, 2022, *see* Second Amended Complaint at 31, and filed her lawsuit in the Davidson County Circuit Court on November 7, 2022. *See* Plaintiff's Response at 7; Defendant's Reply (Docket Entry No. 20) at 2.

RCSC asserts that the 90th day was November 6, 2022, but that Plaintiff did not file her lawsuit until a day later, on the 91st day, after she received her notice of rights letter, thus rendering her Title VII claims untimely and subject to dismissal. RSCS argues that, even though November 6, 2022, was a Sunday, her complaint could have been filed electronically that day and that Plaintiff should have filed electronically in order to have timely filed her lawsuit. RCSC notes that Plaintiff was familiar with electronic filing, as evidenced by the fact that she used electronic filing to file her lawsuit on November 7, 2022. *See* Reply at 3.

While RCSC is correct that courts have frequently dismissed Title VII cases that were filed only one day past the 90-day deadline, RCSC's argument lacks merit because RCSC fails to correctly calculate the final day of the filing period. Rule 6 of the Federal Rules of Civil

9

Procedure provides the rules that apply in computing a time period that is set by a statute, such as Title VII, that does not itself specify a method of computing time. *See* Fed. R. Civ. P. 6(a). For a time period stated in days, such as the 90-day period at issue, Rule 6 states that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). This calculation of the final day of the 90-day time period has been widely followed. *See Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141, 142-43 (2nd Cir. 1980); *Pearson v. Furnco Construction Co.*, 563 F.2d 815, 818-19 (7th Cir. 1977); *Jouanny v. Embassy of France in the United States*, 2017 WL 2455023, at *2 n.3 (D.D.C. June 5, 2017); *Bieler v. Cardinal Health 200, LLC*, 2016 WL 2626862, at *2 (D. Neb. May 6, 2016); *Amos v. McNairy Cnty., Tennessee*, 2012 WL 13168378, at *2 (W.D. Tenn. Feb. 22, 2012); *McCauley v. Greensboro City Bd. of Ed.*, 714 F.Supp. 146, 149–50 (M.D.N.C. 1987); *Bailey v. Boilermakers Local 667*, 480 F.Supp. 274, 282 (N.D.W.Va. 1979).

Because the last day of the 90-day time period for Plaintiff to file was Sunday, November 6, 2022, the time period for her to file in compliance with Section 2000e-5(f)(1) was extended to that end of the following day. Accordingly, Plaintiff's filing of her lawsuit on Monday, November 7, 2022, was timely. RCSC's contention that Plaintiff had the ability to electronically file her lawsuit on Sunday, November 6th, the 90th calendar day, is irrelevant because Rule 6(a)(1)(C) deems that the time period to file did not expire until November 7, 2023.

RCSC's second timeliness defense is that Plaintiff did not bring her state law claim for intentional infliction of emotional distress within the applicable one-year time period for filing such a claim. RCSC asserts that Plaintiff alleges that she was terminated from employment on

10

November 5, 2021, and does not allege any post-termination conduct. For that reason, RCSC argues that the day of her termination was the last day upon which any claim for IIED could be based, and that her lawsuit must have been brought within one year of that day. This defense suffers from the same flaw as RCSC's first timeliness argument in that the last day of the limitations period for this claim fell on a weekend and, pursuant to Rule 6(a)(1)(C), the deadline for Plaintiff to file her claim was extended to the following Monday, November 7, 2022. Because Plaintiff filed her lawsuit on November 7, 2022, this claim was timely filed.[4]

### E. Administrative Exhaustion of a Title VII Hostile Workplace Claim

The Court agrees with RCSC's argument that Plaintiff is prevented from pursuing a hostile workplace claim in this lawsuit because this claim was not administratively exhausted. Inclusive in the exhaustion requirement is the condition that a plaintiff must have raised in the administrative charge the claims that are subsequently pursued in the plaintiff's lawsuit. As a general rule, a plaintiff cannot bring Title VII claims in a lawsuit if the claims were not included in the EEOC charge. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). To ensure a likeness between the administrative claims and the litigation claims, "[t]he charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)). In *Younis*, the Sixth Circuit described the rationale for the requirement that a plaintiff must first raise claims in an administrative charge with the EEOC before pursuing a lawsuit:

> This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains as well as affording the EEOC and the employer an opportunity to settle the dispute through conference,

---

[4] As set out *infra* at Section IV(F), however, the Court finds that this claim warrants dismissal for failure to state a claim upon which relief can be granted.

> conciliation, and persuasion. Hence, allowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role.

*Id*. at 361-62.

*Younis* also recognized that EEOC administrative complaints and charges are typically filed *pro se* and directed that *pro se* charges should be construed liberally, allowing consideration of claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Id*. at 362 (citing *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006). "[W]here facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). "This is known as the 'expected scope of investigation test' and requires a plaintiff to have alleged sufficient facts in his or her EEOC complaint to put the EEOC on notice of the other claim." *Spengler v. Worthington Cylinders*, 615 F.3d 481, 490 (6th Cir. 2010) (*citing Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

A hostile workplace exists where there is "harassment that 'unreasonably interferes with [an employee's] work performance and creates an objectively intimidating, hostile, or offensive work environment." *Younis*, 610 F.3d at 362 (quoting *Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008)). Plaintiff's administrative charge did not expressly assert a claim of a racially hostile workplace. *See* Docket Entry 15-2. Therefore, her charge can only serve to exhaust administrative remedies for a racially hostile workplace claim if such a claim is reasonably related to or could reasonably be expected to grow out of the factual allegations in the charge. *Younis*, 610 F.3d at 362.

> Plaintiff's administrative charge states:
>
> Amended charge to correct Respondent's name to Revenue Cycle Service Center, LLC. I worked as a Denial Appeals Coordinator from January 2019 until my termination on November 5, 2021. The company has more than fifteen employees. I believe that I have been discriminated against and retaliated against due to my race (Black). I was subjected to different terms and conditions of employment. I was held to different standards. I was disciplined and ultimately terminated. I complained about the disparate treatment in my department and was provided no relief. Others of my race (Black) were treated the same and either quit or were terminated. Individuals who were race (Black) and were terminated or quit were replaced by race (White) employees. I feel that myself along with other race (Black) as a class have been subjected to discriminatory and retaliatory treatment in violation of Title VII of the Civil Rights Act of 1964, as amended.

*See* Docket Entry No. 15-2. Plaintiff's charge does not include the type of allegations of workplace hostility that are set out in her complaint. Instead, the charge focuses on allegations that Plaintiff suffered racially motivated discrimination because she was held to "different standards" than white co-workers, was disciplined, and was terminated from employment. Allegations of discrete acts of discrimination, such as those set out in Plaintiff's administrative charge, are not sufficient to support an uncharged claim of a racially hostile workplace. *Younis*, 610 F.3d at 362. *See Logan v. MGM Grand Detroit Casino*, 2021 WL 6932348, at *3 (6th Cir. Dec. 22, 2021) (allegations in charge of discrete acts of discrimination over a three month span did not reasonably indicate that the plaintiff's work environment as a whole was hostile and were not sufficient to exhaust hostile workplace claim); *Russ v. Memphis Light Gas & Water Div.*, 720 F.App'x 229, 238 (6th Cir. 2017) (allegations in charge of four discrete acts of discrimination over a six month span were not enough on their own to provide notice that the plaintiff was alleging a hostile workplace claim); *Waggoner v. Carlex Glass Am., LLC*, 682 F.App'x 412, 417 (6th Cir. 2017) (the court correctly dismissed claims of retaliation and a hostile workplace that

13

were not raised or inferred in the plaintiff's charge of discrimination); *Gooch v. Elec. Power Bd. of Metro. Nashville*, 608 F.Supp.3d 572, 583 (M.D. Tenn. 2022) (hostile workplace claim was not exhausted because nothing in the plaintiff's charge of discrimination made reference to a hostile work environment).

Given Plaintiff's failure to provide any argument in rebuttal to RCSC's request for dismissal of this claim, under applicable law, the Court finds that Plaintiff's hostile workplace claim must be dismissed.

### F. Failure to State a Claim for Relief

The Court agrees with RCSC's argument that Plaintiff's allegations are not sufficient to state a claim for relief for intentional infliction of emotional distress. To establish a claim of intentional infliction of emotional distress under Tennessee law, Plaintiff must demonstrate that (1) the conduct she complains of was intentional or reckless; (2) the conduct was so outrageous that it is not tolerated by civilized society; and (3) the conduct resulted in serious mental injury. *Fitzgerald v. Hickman Cnty. Gov't*, 2018 WL 1634111, at *14 (Tenn. Ct. App. Apr. 4, 2018) (citing *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012)).

Plaintiff's allegations, even if taken as true, fail to satisfy this test. Primarily, Plaintiff fails to allege conduct satisfying the second element. A plaintiff's burden to demonstrate outrageous conduct is not easy to meet. *Id*. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. (quoting *Bain v. Wells*, 936 S.W.2d 618, 623 (Tenn. 1997)). Plaintiff fails to allege facts beyond those supporting her claims of employment discrimination under Title VII. Without more, she

cannot demonstrate outrageous conduct under Tennessee law. *See Arnett v. Domino's Pizza I, L.L.C.*, 124 S.W.3d 529, 540 (Tenn. Ct. App. 2003); *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 423 (6th Cir. 2020); *Kilpatrick v. HCA Hum. Res., LLC*, 838 F.App'x 142, 147 (6th Cir. 2020).

With respect to Plaintiff's Title VII claims, however, the Court finds that Plaintiff's allegations are sufficient to state claims for relief. RCSC essentially asks the Court to construe the factual allegations in its favor rather than in the light most favorable to Plaintiff. The Court cannot do so in the context of reviewing the motion to dismiss. *See Iqbal*, 556 U.S. at 682.

Here, Plaintiff alleges multiple events that fall within the scope of possible adverse employment actions taken against her, alleges comparators outside of her protected class were treated more favorably, and alleges in more than a conclusory fashion that she was treated unfavorably on account of her race. These allegations, if accepted as true, are sufficient to state Title VII claims against RCSC at this stage of the proceedings and are sufficient to move this case to the next level.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 15) filed by Revenue Cycle Service Center, LLC, be:

1) GRANTED with respect to Plaintiff's Title VII hostile workplace claim and state law claim for intentional infliction of emotional distress and these claims be DISMISSED; and,

2) be DENIED in all other respects.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule

72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge