UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHARON DARLENE REDUS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-cv-01029 ) |
| REVENUE CYCLE SERVICE CENTER, LLC., | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

On September 18, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 24) recommending that the Court grant in part and deny in part Revenue Cycle Service Center's ("RCSC") Motion to Dismiss. On October 2, 2023, Sharon Darlene Redus ("Redus") and RCSC filed timely objections. (Doc. No. 25; Doc. No. 26). On October 16, 2023, RCSC filed a response in opposition to Redus' objections. (Doc. No. 28). For the following reasons, the R&R (Doc. No. 24) is **APPROVED** and **ADOPTED** and the Objections are **OVERRULED**.

I. BACKGROUND

The Court will not repeat the entire factual background and procedural history of this case because it is aptly set forth in the R&R. On November 10, 2022, Redus filed this civil action in the Davidson County Circuit Court against her former employer, RCSC, alleging racial discrimination and wrongdoing in the workplace. RCSC timely removed the case to this Court (Doc. No. 1) and filed a motion to dismiss. (Doc. No. 4). Redus filed two responses to the motion to dismiss that did not address the arguments for dismissal but focused on the merits of her

1

allegations, raised new causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing, and attempted to amend her complaint. (See Doc. Nos. 8 and 11). She also filed a response that essentially mirrored her first response and included 50 exhibits totaling over 500 pages. (See Doc. No. 11–1 through 11–50). The Court directed her to file a new, amended complaint that clarified both her allegations and her specific legal claims (Doc. No. 13) and denied RCSC's first motion to dismiss without prejudice to refiling. (Id.).

Redus then filed a 40-page amended complaint with over 400 pages of exhibits. (Doc. No. 14). RCSC responded by moving to dismiss the first amended complaint (See Doc. Nos. 15 and 16). But instead of filing an opposition, Redus filed a second amended complaint, (Doc. No. 18), which she did not seek leave of the court.

## II. THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

On September 18, 2023, the Magistrate Judge recommended that the Court (1) grant RCSC's Motion to Dismiss with respect to the Title VII hostile work environment claim because Redus did not exhaust her administrative remedies, (2) dismiss the intentional infliction of emotional distress claim because Redus failed to state a claim for which relief can be granted, (3) deny the motion to dismiss with respect to Title VII retaliation and disparate treatment claims because Redus satisfied the pleading requirements under Federal Rule of Civil Procedure 4, and (4) accept the second amended complaint as the operative complaint (Doc. No. 18).

## III. STANDARD OF REVIEW

The Court's standard of review for a R&R depends upon whether a party files objections. Where a party objects to portions of the R&R, the Court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of

a Magistrate Judge's R&R. See Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981); see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). After reviewing the record, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review, under a *de novo* or any other standard, those parts of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. A general objection to the report and recommendation is not sufficient and may result in waiver of further review. Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

**IV.     REDUS' OBJECTIONS**

Despite its title, the fifty-seven-page document that Redus labels as "OBJECTIONS (AGE/RACE DISCRIMINATION) - MOTION FOR REVIEW WITH EXHIBITS" (Doc. No. 25) does not contain proper objections. Instead of filing "specific written objection[s] to the proposed findings and recommendation," as required by Rule 72(b)(2) of the Federal Rules of Civil Procedure, Redus recites her arguments as if she were arguing them for the first time. Furthermore, Redus filed what appears to be copied pages of documents that she previously filed with her first amended complaint. (Doc. No. 14). Critically, however, nothing in her document suggests specifically how Magistrate Judge Holmes erred in her fact findings or legal analysis. Although the Court recognizes that Redus is proceeding *pro se*, that does not excuse her from complying with the Federal Rules of Civil Procedure or the Local Rules. See McNeil v. United States, 508

3

U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Redus fails to properly object to the R&R. Her objections do not identify any specific factual or legal error the Magistrate Judge committed in determining that RCSC's motion to dismiss be granted with respect to the Title VII hostile work environment and intentional infliction of emotional distress claims.

V. **RCSC'S OBJECTIONS**

RCSC raises three arguments in its Objection. (Doc. No. 26 at 12). Specifically, it argues that the R&R (1) misapplies Federal Rule 6(a)(1)(C); (2) misapplies Federal Rule 15; and (3) incorrectly finds that Redus plausibly stated a claim for Title VII discrimination and retaliation when she did not. However, only RCSC's first and second arguments are proper objections because they point out specifically where it believes the Magistrate Judge erred in her legal analysis. The Court will address each objection in turn.

### A. Whether the Magistrate Judge Correctly Applied the Federal Rule of Civil Procedure (6)(a)(1)(C)

RCSC argues that the Magistrate Judge incorrectly applied Federal Rule 6(a)(1)(C) by concluding that Redus timely filed this action. A lawsuit brought under Title VII must be filed within 90 days of the plaintiff's receipt of a notice of right letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); Strouss v. Mich. Dep't of Corr., 250 F.3d 336, 342 (6th Cir. 2001); Truitt v. County of Wayne, 148 F.3d 644, 647 (6th Cir. 1998). RCSC contends that November 7, 2022, is the ninety-first day, which makes the lawsuit untimely. The Court disagrees. When a time period is stated in days, the Federal Rules of Civil Procedure instruct to "include the last day of the period." But if the last day is a Sunday, then the "period continues to run until the end of the next

day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). The same computation rules apply under Tennessee law. See Tenn. Code Civ. P. 6.01

Redus received her right to sue letter on August 8, 2022, and filed her lawsuit on November 7, 2022. The ninetieth day—November 6, 2022, fell on a Sunday. So Redus had until the next day, Monday, November 7, 2022, to file her complaint. Redus timely filed this action. Numerous federal courts have confronted a similar situation and reached the same conclusion. See Kane v. Douglas, Elliman, Hollyday & Ives, 635 F.2d 141 (2d Cir. 1980) (finding the 90-day period for filing the complaint did not end on Sunday because it ran "until the end of the next day," which was a Monday); Pearson v. Furnco Construction Co., 563 F.2d 815 (7th Cir. 1977) (ninetieth day was Sunday, but complaint filed on Monday was held timely); Hudson v. Teamsters Local Union No. 957, 536 F. Supp. 1138, 1145-46 (S.D. Ohio 1982) (applying 6(a) computation rules when deadline fell on a Sunday); Flowers v. TRW Inc., 680 F. Supp. 279, 280 (N.D. Ohio 1987) (applying 6(a) computation rules when deadline fell on a Sunday).

RCSC further contends that the R&R "impermissibly extended the statute of limitations and, in effect, amended federal law" because Rule 81(c) applies "to a civil action after it is removed from state court." (Doc. No. 26 at 5-6). RCSC erroneously relies on a Fifth Circuit case to argue that the Federal Rules do not provide for retroactive application. Taylor v. Bailey Tool Mfg. Co., 744 F.3d 944, 945 (5th Cir. 2014). But Taylor considered whether a claim barred by the statute of limitations when filed in state court could be revived by Federal Rule of Civil Procedure 15(c) once the case is removed, not whether the plaintiff timely filed a complaint within 90 days of receiving the right to sue letter.

In any event, because Tennessee's computation rules mirror the Federal Rules, the complaint would be timely under the federal or state rules. See Tennessee Code of Civil Procedure

5

6.01; Fed. R. Civ. P. 6(a)(1)(C). Furthermore, Redus' claims were not time barred, and the Magistrate Judge did not extend the statute of limitations or attempt to retroactively apply the Federal Rules at any point during this action. The Magistrate Judge correctly concluded that the complaint was timely.

### B. Whether the Magistrate Judge Correctly Applied Federal Rule of Civil Procedure 15(a)(2)

RCSC objects to the Magistrate Judge's application of Federal Rule 15. RCSC argues that Redus' second amended complaint should not serve as the operative complaint because Redus did not ask for RCSC's consent or the Court's leave to amend the complaint. (Doc. No. 26 at 7-8).

RCSC is technically correct. Federal Rule of Civil Procedure 15, however, requires that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon ... may be a proper subject of relief ...." Foman v. Davis, 371 U.S. 178, 182 (1962). Absent "any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" Leary v. Daeschner, 349 F.3d 888, 905 (6th Cir. 2003) (quoting Foman, 371 U.S. at 182). Ultimately, whether to allow an amended pleading under Rule 15(a) is committed to the Court's discretion. Tucker v. Middleburg–Legacy Place, 539 F.3d 545, 551 (6th Cir. 2008). This Court would have done so if Redus had requested.

RCSC tells this Court that "it should not just deem [Redus'] April 19 Complaint, to be the operative complaint in this, or grant leave to amend when Redus has not asked for it." (Doc. No. 26 at 8). Yet again, this Court disagrees. This Court can grant Redus leave to amend the complaint

even though Redus did not expressly seek leave of the court or RCSC's consent. See Okolo v. Metropolitan Government of Nashville, 892 F. Supp.2d 931, 938 (M.D. Tenn. 2012) (granting plaintiff leave to amend complaint even though complaint was amended without leave of court or consent of opposing parties when changes were minor and did not prejudice defendant). As RCSC points out, the second amended complaint removed the individual employees as defendants and added RCSC as a defendant. (Doc. No. 18). This amendment does not prejudice RCSC and should be no surprise to RCSC who has actively participated in this litigation since it removed this action to this Court over a year ago. Moreover, given the short turnaround time between the first amended complaint on March 1, 2023 (Doc. No. 14), and the second amended complaint on April 19, 2023 (Doc. No. 18), there was not any undue delay. It is clear that Redus intended to sue RCSC because she included RCSC in her charge of discrimination filed with the Equal Employment Opportunity Commission. (Doc. No. 1). Redus also listed RCSC as a defendant when she first filed her claim in state court. (Id.) Accordingly, RCSC has not offered any valid basis to deny Redus leave to amend even though she did not ask for it.

RCSC also argues that the Magistrate Judge's recommendation to treat the second amended complaint as the operative complaint somehow contravenes the February 2, 2023, Order (Doc. No. 13). RCSC clings to this argument because the Order requested an amendment that "shall control the case going forward." (Doc. No. 13). In the interests of justice, the Magistrate Judge allowed the second amended complaint to be the operative complaint and control the case going forward, which does not violate Federal Rule 15. (Doc. No. 24). The Court does not find any error in that approach. Nevertheless, considering the minor differences in the complaints, the Magistrate Judge would have reached the same decision regarding the motion to dismiss regardless of which complaint was operative.

Considering the factors above, this Court would have granted leave to amend had it been sought. See 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1484 (noting that an improperly filed amended complaint may be nonetheless allowed "when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change"). The Magistrate Judge did not err in concluding that the second amended complaint (Doc. No. 18) could serve as the operative complaint.

### C. Failure to State a Claim

RCSC spends seven pages pages trying to disguise its disagreement with the Magistrate Judge's findings and recommendations as an "objection." This Court is unpersuaded. RCSC contends that the complaint should be dismissed because it fails to state any claim upon which relief may be granted, which is not a proper objection. See VanDiver v. Martin, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). RCSC also contends that the reader is "left guessing on what allegations the R&R is referring to," which is meritless as the "objection" does not identify an error. (Doc. No. 26 at 10). See Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991).

Accordingly, each of RCSC's objections fail. Any other non-specific argument alluded to in RCSC's Objections (Doc. No. 26) likewise fall short of the relevant standards articulated by the Sixth Circuit, Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001), and this Court's Local Rules, L.R. 72.02(a).

8

Case 3:22-cv-01029   Document 37   Filed 02/02/24   Page 8 of 9 PageID #: 2705

## VI. CONCLUSION

Having reviewed *de novo* RCSC's objections to the R&R, the Court agrees with the Magistrate Judge's recommended disposition. The Court rules as follows:

1. Redus' Objections (Doc. No. 25) are **OVERRULED**.

2. RCSC's Objections (Doc. No. 26) are **OVERRULED**.

3. The R&R (Doc. No. 24) is **APPROVED AND ADPOTED**.

4. RCSC's Motion to Dismiss (Doc. No. 15) is **GRANTED** with respect to Title VII hostile workplace claim and state law claim for intentional infliction of emotional distress and be **DENIED** in all other respects.

This case is returned to the Magistrate Judge. The parties are reminded that they must engage in two attempts to resolve this case before any party can file a motion for summary judgment.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE