UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHARON DARLENE REDUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-cv-01029 |
| | ) | |
| REVENUE CYCLE SERVICE CENTER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On August 11, 2025, the Magistrate Judge issued a 22-page Report and Recommendation ("R&R") (Doc. No. 74) in this employment case recommending that the Court deny Sharon Redus' motion for summary judgment, grant Revenue Cycle Service Center, LLC's ("RCSC") motion for summary judgment, and dismiss this case in its entirety. The Magistrate Judge reminded Redus, proceeding pro se, that any objections to the R&R "must be filed within fourteen (14) days of service." (Id. at 22); see also Fed. R. Civ. P. 6(d) (providing that where service is by mail, the potential objecting party has seventeen days to file timely objections to an R&R). However, despite these specific warnings regarding waiver, Redus did not file any timely objections to the R&R. See Stilson v. Comm'r of Soc. Sec. Admin., 2025 WL 2459603 (N.D. Ohio Aug. 27, 2025) (collecting cases holding that "[i]n the Sixth Circuit, failure to object constitutes a forfeiture").

Where, as here, there are no "timely objection[s]" to the R&R, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citations omitted). Having carefully reviewed the R&R, including its legal analysis and recitation of the factual record, the Court finds no clear error and agrees with the Magistrate Judge's recommendations. Specifically,

the Court agrees that: (i) Redus' motion for summary judgment is procedurally improper because it was not accompanied by a separately filed memorandum of law or statement of undisputed material facts, and it exceeded the maximum page limit; (ii) Redus' motion for summary judgment fails on the merits because it "fails to present a cogent legal argument showing she is entitled to summary judgment" on her Title VII claims; and (iii) RCSC's motion for summary judgment is warranted because no reasonable jury could find RCSC liable to Redus for discrimination and retaliation. (Doc. No. 74 at 10–21).

Accordingly, the Court orders as follows:

1. The R&R (Doc. No. 74) is **APPROVED AND ADOPTED**;

2. RCSC's Motion for Summary Judgment (Doc. No. 61) is **GRANTED**;

3. Redus' Motion for Summary Judgment (Doc. No. 60) is **DENIED**; and

4. This case is **DISMISSED WITH PREJUDICE** in its entirety.

This is a final order. The Clerk of the Court shall enter a final judgment in accordance with Federal Rule of Civil Procedure 58 and close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE